UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23024-ALTMAN

**WILLIE JONES**,

    *Plaintiff*,

v.

**CITY OF MIAMI**, *et al.*,

    *Defendants.*
_____/

## ORDER

From June 23, 2021, through January 12, 2022, the Plaintiff, Willie Jones, was incarcerated at the Turner Guilford Knight Correctional Center ("TGK") in Miami-Dade County, Florida. *See* Complaint [ECF No. 1] at 2. Jones alleges that certain employees at TGK (he doesn't specify which ones) prevented him from showering for "over a month," denied him access to toilet paper, "occasionally neglected meals," assaulted him, allowed other inmates to assault him, and "illegally deprive[d] [him] opportunity to bail." *Ibid.* Jones requests a "full investigation into the occult [sic] injustices [he] endured" and "reparations" for the physical abuse he allegedly suffered. *Ibid.* Unfortunately for Jones, his Complaint is vague, conclusory, and doesn't meet the pleading standards set out in the Federal Rules of Civil Procedure. We'll therefore **DISMISS** the Complaint *with* leave to amend.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting

its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where

the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

The Complaint suffers from several procedural and substantive defects. Most notably, it fails to state a claim against *any* defendant. As best we can tell, Jones believes that: (1) his lack of regular access to a shower, toilet paper, and consistent meals constituted cruel and unusual punishment in violation of the Eighth Amendment, *see Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) ("[The plaintiff] must show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety. Moreover, . . . the prisoner must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." (cleaned up)); (2) a TGK officer (or officers) "assaulted" him while he was handcuffed, which we interpret as an excessive-force claim under the Fourteenth Amendment, *see Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002) (holding that the use of force "after the [plaintiff] was arrested and secured in handcuffs"

3

was "excessive"); (3) prison officials were deliberately indifferent to Jones's safety by failing to protect him from other inmates, *see Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) ("The duty to protect encompasses protecting prisoners from violence at the hands of other prisoners." (cleaned up)); and (4) prison officials somehow "deprived" Jones of an opportunity to post bail, *see* Complaint at 2.[1]

"In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). That's exactly what we have here. The Plaintiff's factual allegations—which are condensed into a three-sentence paragraph, *see* Complaint at 2—tell us nothing about (1) *who* was responsible for the alleged constitutional violations, (2) *when* those violations occurred, or (3) *what* the context of those violations might have been. But these facts are all essential if Jones wants to sustain a viable § 1983 claim against any defendant. *See, e.g.*, *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016) (holding that, when a plaintiff alleges an Eighth Amendment violation, the plaintiff "must show both that the defendant actually (subjectively) knew that an inmate faced a substantial risk of harm and that the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner" (cleaned up)); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) ("[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable. . . . Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably

---

[1] We'll dismiss, without further discussion, Jones's bail claim because that issue can only be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Cruz v. Smith*, 2018 WL 6653216, at *3 (M.D. Fla. Dec. 19, 2018) (Steele, J.) ("Consequently, if Plaintiff wishes to bring an action based upon the Eight Amendment's prohibition against excessive bail . . . Plaintiff should seek relief via an individual pretrial habeas corpus petition pursuant to 28 U.S.C. § 2241 after he has exhausted his state court remedies." (citing *Stack v. Boyle*, 342 U.S. 1, 5–6 (1951))).

perceived by the officer; and whether the plaintiff was actively resisting."); *cf. Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional violation."). We'll allow Jones to file an amended complaint that includes specific and detailed allegations—not brief conclusory sentences—which (if true) would establish that Jones's constitutional rights were violated.

Jones has also failed to sue a *proper* defendant. Jones's Complaint names three Defendants: the City of Miami, the State of Florida, and the TGK itself. But Miami-Dade County—not the City of Miami or the State of Florida—operates TGK and employs the officials who work at TGK. *See Amaya v. Miami-Dade Cnty., Fla.*, 194 F. App'x 703, 704 (11th Cir. 2006) (describing TGK as a "Miami-Dade County correctional facility"); *see generally Corrections and Rehabilitation*, MIAMI-DADE COUNTY, https://www.miamidade.gov/global/corrections/home.page (last visited Aug. 16, 2023). So, as a practical matter, the City of Miami and the State of Florida can't be sued for acts that occurred at TGK. Jones also cannot sue TGK itself because the jail is a building—not an entity that's capable of being sued. *See Teartt v. Pasco Cnty. Jail*, 2010 WL 996513, at *1 (M.D. Fla. Mar. 17, 2020) (Moody, J.) ("[A] county jail is not an entity that can be sued as a 'person' under [§ 1983]."). Instead, Jones must sue the *individual employees and officers* who worked at TGK and who were *personally* responsible for the constitutional violations. *Cf. Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").[2] In his Amended Complaint, Jones must be sure to name the appropriate defendants.

---

[2] Jones could conceivably sue Miami-Dade County. But there are several pitfalls he should be aware of. *First*, a municipality is only liable under § 1983 if the "execution of the [municipality's] policy or custom" causes the constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). And "random acts or isolated incidents" directed at one inmate aren't proof of an unconstitutional custom or policy. *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). *Second*, the Eleventh Amendment will bar Jones from collecting money damages from Miami-Dade County (or any Miami-Dade County employees who are sued in their official capacities). *See Graham*, 473 U.S. at 169 ("[T]he Eleventh Amendment bars a damages action against a State in federal court.").

Additionally, the Complaint's form fails to comply with our Local Rules. Specifically, Jones doesn't use the form we require for all § 1983 complaints filed by *pro se* prisoners. *See* S.D. FLA. L.R. 88.2(a). We'll give Jones a copy of this form and remind him to use that form when he prepares his Amended Complaint.

Finally, Jones has pled his factual allegations improperly. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The facts supporting these claims must be presented in a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Jones hasn't done that in his Complaint and must keep these rules in mind when he prepares his Amended Complaint.

\*   \*   \*

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. By **September 14, 2023**, the Plaintiff must file an amended complaint. The amended complaint must be no longer than 20 double-spaced pages, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claim for relief, a basis for federal jurisdiction, and a demand for judgment, in accordance with the guidance set out in this Order.

2. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

3. The amended complaint must include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs.

4. The Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**. The Plaintiff shall owe the United States $350.00, which the Plaintiff must pay to the Clerk of Court as funds become available. To effectuate these payments, the agency with custody over the Plaintiff must forward these payments from the Plaintiff's prisoner account to the Clerk of Court anytime the account balance exceeds $10.00. That agency shall continue to make these payments until the Plaintiff

has paid the filing fees in full. The Clerk **SHALL** forward a copy of this Order to the Broward County Sheriff's Office's Inmate Trust Fund Department and this Court's Financial Department.

5. The Plaintiff's failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

6. The Clerk shall **TERMINATE** all defendants.

7. This Clerk's Office shall administratively **CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case.

**DONE AND ORDERED** in the Southern District of Florida on August 17, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Willie Jones, *pro se*

Broward County Sheriff's Office
Inmate Trust Fund Department
ATTN: Inmate Banking Supervisor
2601 West Broward Boulevard
Ft. Lauderdale, FL 33312

Financial Department,
United States District Court,
Southern District of Florida